# COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

**ENDORSED FILED**
SAN MATEO COUNTY

FEB - 4 2016

Clerk of the Superior Court
By ____NIMA MOKHTABANI____
DEPUTY CLERK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN MATEO**
**LIMITED JURISDICTION**

| | |
|---|---|
| VERONICA CHICO, | Case No. CLJ537262 |
| Plaintiff, | **COMPLAINT FOR VIOLATION** |
| vs. | **OF ROSENTHAL FAIR DEBT** |
| | **COLLECTION PRACTICES ACT** |
| LVNV FUNDING LLC, | **(Amount not to exceed $10,000)** |
| Defendant. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| | 2. Violation of the federal Fair Debt Collection Practices Act |

**BY FAX**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

///

///

Complaint - 1

## II. PARTIES

2.     Plaintiff, Veronica Chico ("Plaintiff"), is a natural person residing in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h), and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.     At all relevant times herein, Defendant, LVNV Funding LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f), and as a "debt," as defined by 15 U.S.C. §1692a(5).  Defendant regularly attempts to collect debts alleged to be due, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant to contact Plaintiff in an attempt to collect an alleged outstanding debt.

5.     On or about March 10, 2015, Defendant filed a lawsuit against Plaintiff in order to garnish her wages.[1]  Said garnishment stemmed from a debt previously purchased by Arrowhead Financial Services, LLC.

6.     However, Plaintiff was not properly served with any summons in connection with the lawsuit by Defendant seeking to garnish her wages.

7.     As a result of not being properly served, Plaintiff was unable to counter with a proper defense of the allegations brought against her.

---

[1] *Arrow Financial Services, LLC v. Veronica Chico, (Superior Court of California, San Mateo County, #CLJ494121).*

8.      Improper service notwithstanding, Defendant is attempting to collect an alleged debt from Plaintiff, via wage garnishment, which Plaintiff does not owe, or Defendant cannot legally collect thereon.  Such action is not lawful.

9.      Defendant has therefore engaged in false and deceptive practices in connection with an attempt to collect an alleged debt owed.

10.     By engaging in the aforementioned conduct, Defendant has falsely represented the character and legal status of the alleged debt owed.

11.     By engaging in the aforementioned conduct, Defendant has violated California and federal law.

12.     DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's properly or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

c) Threatening to take an action against Plaintiff that cannot legally be taken or that was not actually intended to be takin (§ 1692e(5)); and

d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d).

13.     As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

15.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;
B.    Statutory damages for willful and negligent violations;
C.    Costs and reasonable attorney's fees; and
D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

16.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;
B.    Statutory damages;
C.    Costs and reasonable attorney's fees; and,
D.     For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 3rd day of February, 2016.

By:    _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff